UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| THE MOSAIC COMPANY,<br><br>      Plaintiff,<br><br>and<br><br>PHOSAGRO PJSC, JSC APATIT,<br><br>      Consolidated Plaintiffs,<br><br>and<br><br>INDUSTRIAL GROUP PHOSPHORITE, LLC,<br><br>      Consolidated Plaintiff and<br>      Consolidated Plaintiff-Intervenor,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>and<br><br>THE MOSAIC COMPANY,<br><br>      Consolidated Defendant-Intervenor<br><br>and<br><br>PHOSAGRO PJSC, JSC APATIT, INDUSTRIAL GROUP PHOSPHORITE, LLC,<br><br>      Defendant-Intervenors. | Consol. Court No. 21-00117<br><br><u>NON-CONFIDENTIAL VERSION</u><br><br>Business Proprietary Information Removed from Page 4 |

**THE MOSAIC COMPANY'S COMMENTS ON COMMERCE'S REMAND
REDETERMINATION**

**Consol. Court No. 21-00117**                           NON-CONFIDENTIAL VERSION

David J. Ross
Stephanie E. Hartmann
Alexandra S. Maurer
Natan P.L. Tubman
WILMER CUTLER PICKERING HALE AND
DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dated: November 13, 2023                           *Counsel for The Mosaic Company*

Consol. Court No. 21-00117                                   NON-CONFIDENTIAL VERSION

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. COMMERCE'S DECISION TO CONTINUE USING PROFIT BEFORE TAX
AS THE NUMERATOR OF JSC APATIT'S PROFIT RATIO IS SUPPORTED
BY SUBSTANTIAL EVIDENCE AND CONSISTENT WITH LAW .............................. 1

III. CONCLUSION .................................................................................................................... 5

Case 1:21-cv-00117-JAR   Document 131   Filed 11/13/23   Page 4 of 11

**Consol. Court No. 21-00117**                                    NON-CONFIDENTIAL VERSION

# TABLE OF AUTHORITIES

Page(s)

**Regulations**

19 C.F.R. § 351.511(a)(2)(iii) ...................................................................................................... 1

**Cases**

*Altx, Inc. v. United States*,
    370 F.3d 1108 (Fed. Cir. 2004) ............................................................................................ 4

*Burlington Truck Lines, Inc. v. United States*,
    371 U.S. 156 (1962) ............................................................................................................. 3

*Hyundai Heavy Indus., Co. v. United States*,
    332 F. Supp. 3d 1331 (CIT 2018) .................................................................................... 2, 5

*Ta Chen Stainless Steel Pipe, Inc. v. United States*,
    298 F.3d 1330 (Fed. Cir. 2002) ............................................................................................ 2

**Docketed Cases**

*The Mosaic Company v. United States*, Consol. Ct. No. 21-00117, Slip Op. 23-99,
    at 19-20 (CIT July 11, 2023) ................................................................................................ 1

**Administrative Materials**

*Countervailing Duty Investigation of Certain Cold-Rolled Steel Flat Products
from the Russian Federation: Final Affirmative Countervailing Duty
Determination and Final Negative Critical Circumstances Determination*,
81 Fed. Reg. 49,935 (Dep't Commerce July 29, 2016), and accompanying
Issues and Decision Memorandum ................................................................................... 4, 5

*Phosphate Fertilizers From the Kingdom of Morocco: Final Affirmative
Countervailing Duty Determination*, 86 Fed. Reg. 9,482 (Dep't Commerce
Feb. 16, 2021), and accompanying Issues and Decision Memorandum ......................... 3-5

*Phosphate Fertilizers From the Russian Federation: Final Results of
Countervailing Duty Administrative Review; 2020-2021*, 88 Fed. Reg.
76,182 (Dep't Commerce Nov. 6, 2023), and accompanying Issues and
Decision Memorandum .................................................................................................... 3, 5

Case 1:21-cv-00117-JAR   Document 131   Filed 11/13/23   Page 5 of 11

**Consol. Court No. 21-00117**                                    NON-CONFIDENTIAL VERSION

I.    **INTRODUCTION**

Plaintiff and Consolidated Defendant-Intervenor The Mosaic Company ("Mosaic") respectfully submits these comments in support of the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand.  *See* Conf. Final Results of Redetermination Pursuant to Ct. Remand (Oct. 11, 2023), Second C.R.R. 10, Second P.R.R. 14, ECF No. 128-1 ("Second Remand Determination"); *The Mosaic Company v. United States*, Consol. Ct. No. 21-00117, Slip Op. 23-99 (CIT July 11, 2023) ("*Second Remand Order*").  In the Second Remand Determination, Commerce adequately addressed the Court's concerns regarding its decision to use Profit Before Tax instead of Gross Profit as the numerator of Joint Stock Company Apatit's ("JSC Apatit") (part of PhosAgro PJSC ("PhosAgro")) profit ratio.  The Court should affirm this aspect of the Second Remand Determination as supported by substantial evidence and otherwise in accordance with law.

II.   **COMMERCE'S DECISION TO CONTINUE USING PROFIT BEFORE TAX AS THE NUMERATOR OF JSC APATIT'S PROFIT RATIO IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND CONSISTENT WITH LAW**

The Court's opinion instructed Commerce to explain why it used Profit Before Tax instead of Gross Profit as the numerator of JSC Apatit's profit ratio for purposes of calculating the benefit of the Phosphate Mining Rights for Less Than Adequate Remuneration ("LTAR") program.  *Second Remand Order* at 19-20.  The Court found that Commerce's previous explanation – that using Profit Before Tax was consistent with its past practice in *Phosphate Fertilizers From Morocco* and *Cold-Rolled Steel From the Russian Federation* – was insufficient.  *Id.* at 19.

In this proceeding, Commerce has measured the benefit of the Phosphate Mining Rights for LTAR program pursuant to 19 C.F.R. § 351.511(a)(2)(iii) by constructing a cost build-up for

Consol. Court No. 21-00117                                                    NON-CONFIDENTIAL VERSION

the respondents' phosphate mining and beneficiation operations and comparing the cost build-up to world market prices for beneficiated phosphate rock.  Since the underlying investigation, Commerce has included an amount for profit in the cost build-up, and calculated a profit ratio for the respondents based on the Profit Before Tax reported in their 2019 financial statements.[1]  *See* Conf. Final Results of Redetermination Pursuant to Ct. Remand (Dec. 16, 2022), C.R.R. 14, P.R.R. 23, ECF No. 96-1 ("First Remand Determination") at 24-25.  Commerce provided a detailed explanation for why it is appropriate to use Profit Before Tax instead of Gross Profit as the numerator of the profit ratio in the Second Remand Determination.  As Commerce explained, the goal of constructing a cost build-up – including an amount for profit – is to isolate the respondent's costs for phosphate mining and beneficiation.  Second Remand Determination at 25.  Commerce reasonably found that Profit Before Tax is "a more narrowly focused profit figure that excludes expenses unrelated to mining and beneficiation activities."  *Id.*  Specifically, PhosAgro's Gross Profit includes expenses such as "Selling Expenses," "Administrative Expenses," and "Other Expenses."  *See* PhosAgro IQR, Exhibit CVD-6, C.R. No. 46, P.R. No. 116.  These expenses are deducted from PhosAgro's Gross Profit to derive its Profit Before Tax.  *Id.*

As Commerce explained, there is no information on the record regarding the specific expenses that are included within these cost items, or under which cost centers PhosAgro incurred these expenses.  *See* Second Remand Determination at 25.  It is well-established that the burden of building the administrative record lies with the respondents.  *Hyundai Heavy Indus., Co. v. United States*, 332 F. Supp. 3d 1331, 1342 (CIT 2018) ("The burden to build the record in

---

[1] Commerce did use PhosAgro's 2019 Gross Profit in the Draft Results of Redetermination in the first remand segment, but Commerce recognized that this departure from its prior methodology was unwarranted and reverted to using Profit Before Tax in the First Remand Determination.  *See* First Remand Determination at 24-25.

- 2 -

Case 1:21-cv-00117-JAR   Document 131   Filed 11/13/23   Page 7 of 11

Consol. Court No. 21-00117                                        NON-CONFIDENTIAL VERSION

each segment lies with the respondent."); *see also Ta Chen Stainless Steel Pipe, Inc. v. United States*, 298 F.3d 1330, 1336 (Fed. Cir. 2002) (quoting *Zenith Elecs. Corp. v. United States*, 988 F.2d 1573, 1583 (Fed. Cir. 1993)) ("The burden of production {belongs} to the party in possession of the necessary information."). PhosAgro failed to put forward any evidence showing that the "Selling Expenses," "Administrative Expenses," and "Other Expenses" categories recorded in its 2019 financial statements are related to JSC Apatit's phosphate mining and beneficiation operations. Indeed, the notes to PhosAgro's 2019 financial statement indicate that these costs include items such as "social expenditures" and "salaries and social contributions," *see* PhosAgro's IQR at Exhibit CVD-6, and PhosAgro has conceded that these expenses do not relate solely to phosphate mining and beneficiation. *See* PhosAgro Draft Remand Comments at 7 (Sept. 26, 2023), Second C.R.R. 10, Second P.R.R. 14.

       Thus, Commerce reasonably concluded that it would be contrary to its goal of calculating a profit ratio based on the costs of phosphate mining and beneficiation to use a Gross Profit numerator that includes unrelated costs. *See* Second Remand Determination at 26. Commerce's straightforward explanation is reasonable and clearly articulates a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).

       Commerce's decision is also consistent with its practice in this proceeding, as well as in *Phosphate Fertilizers From Morocco* and *Cold-Rolled Steel From Russia*. *See* EuroChem Final Determination Calculation Memorandum (Feb. 9, 2021), C.R. 560-61, P.R. 407-08 at 3; *Phosphate Fertilizers From the Russian Federation: Final Results of Countervailing Duty Administrative Review; 2020-2021*, 88 Fed. Reg. 76,182 (Dep't Commerce Nov. 6, 2023), and accompanying Issues and Decision Memorandum at 19-23 ("*Phosphate Fertilizers From Russia*

- 3 -

Case 1:21-cv-00117-JAR    Document 131    Filed 11/13/23    Page 8 of 11

BUSINESS PROPRIETARY
INFORMATION REMOVED

Consol. Court No. 21-00117                                    NON-CONFIDENTIAL VERSION

*AR1* IDM"); *Phosphate Fertilizers From the Kingdom of Morocco: Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 9,482 (Dep't Commerce Feb. 16, 2021), and accompanying Issues and Decision Memorandum at 27 ("*Phosphate Fertilizers From Morocco* IDM"); *Countervailing Duty Investigation of Certain Cold-Rolled Steel Flat Products from the Russian Federation: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination*, 81 Fed. Reg. 49,935 (Dep't Commerce July 29, 2016), and accompanying Issues and Decision Memorandum at 31, 100, 102-03 ("*Cold-Rolled Steel Flat Products from the Russian Federation* IDM").

A second reason that Commerce gave for continuing to use Profit Before Tax instead of Gross Profit as the numerator of the profit ratio is because Commerce had already added certain expenses to the cost build-up that are reflected in PhosAgro's Gross Profit amount and use of Gross Profit would therefore result in double-counting of costs. *See* Second Remand Determination at 27-28. These cost items include: (1) extraction taxes; **[**


**]**. *See id*. This double-counting of costs from using Gross Profit as the numerator of the profit ratio – in addition to improperly including expenses unrelated to phosphate mining and beneficiation – would skew the benefit calculation. *Id.* at 29. Commerce thus provided a reasoned explanation for its decision that is supported by the record evidence and should be affirmed by this Court. *See Altx, Inc. v. United States*, 370 F.3d 1108, 1121 (Fed. Cir. 2004).

Finally, Commerce properly rejected PhosAgro's alternative argument that, if Commerce did not use PhosAgro's Gross Profit as the numerator of the profit ratio, Commerce should

derive and apply entirely new ratios for administrative expense and selling expenses to the cost build-up. *See* Second Remand Determination at 29-30. Deriving and applying administrative and selling ratios, in addition to a profit ratio, would represent a dramatic departure from Commerce's practice in this proceeding and in other cases. *See Phosphate Fertilizers From Russia AR1* IDM at 23; *Phosphate Fertilizers From Morocco* IDM at 27; *Cold-Rolled Steel Flat Products from the Russian Federation* IDM at 31, 100, 102-03. PhosAgro failed to provide any legal or factual basis that would warrant such a departure from Commerce's prior practice.

Moreover, Commerce correctly found that PhosAgro failed to provide evidence showing that *any* amount of the "Selling Expenses," "Administrative Expenses," and "Other Expenses" recorded in its 2019 financial statements relate to JSC Apatit's phosphate mining and beneficiation operations. *See* Second Remand Determination at 30. Thus, PhosAgro once again failed to meet its burden of building the evidentiary record necessary to support its arguments. *See Hyundai Heavy Indus.*, 332 F. Supp. 3d at 1342.

Accordingly, Commerce's decisions to continue using PhosAgro's Profit Before Tax as the numerator of the profit ratio and to not derive and apply administrative and selling ratios to the cost build-up are supported by substantial evidence and otherwise in accordance with law.

### III. CONCLUSION

For the reasons discussed above, Mosaic respectfully requests that the Court uphold Commerce's Second Remand Determination with respect to the calculation of JSC Apatit's profit ratio for measuring benefits under the Phosphate Mining Rights for LTAR program.

        Respectfully submitted,

        <u>/s/ David J. Ross</u>
        David J. Ross
        Stephanie E. Hartmann
        Alexandra S. Maurer
        Natan P.L. Tubman
        Wilmer Cutler Pickering Hale and Dorr LLP
        2100 Pennsylvania Avenue, NW
        Washington, DC 20037
        Telephone: (202) 663-6000
        Facsimile: (202) 663-6363
        Email: david.ross@wilmerhale.com

        *Counsel for The Mosaic Company*

Dated: November 13, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this submission complies with the word limitation requirement. The word count for this submission, as computed by Wilmer Cutler Pickering Hale and Dorr LLP's word processing system, is 1,439 words.

/s/ David J. Ross
(Signature of Attorney)

David J. Ross
(Name of Attorney)

The Mosaic Company
(Representative Of)

November 13, 2023
(Date)