UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| THE MOSAIC COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| PHOSAGRO PJSC, JSC APATIT, | )<br>) |
| Consolidated Plaintiffs, | )<br>) |
| and | )<br>) |
| INDUSTRIAL GROUP PHOSPHORITE LLC, | )<br>) |
| Consolidated Plaintiff and<br>Consolidated Plaintiff-Intervenor, | )<br>)<br>) |
| v. | ) Consol. Court No. 21-00117 |
| UNITED STATES, | ) **PUBLIC DOCUMENT** |
| Defendant, | )<br>) |
| THE MOSAIC COMPANY, | )<br>) |
| Consolidated Defendant-Intervenor, | )<br>) |
| and | )<br>) |
| PHOSAGRO PJSC, JSC APATIT,<br>INDUSTRIAL GROUP PHOSPHORITE LLC, | )<br>)<br>) |
| Defendant-Intervenors. | ) |

**DEFENDANT INTERVENORS PHOSAGRO PJSC AND JSC APATIT RESPONSE TO PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S SECOND FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

H. Deen Kaplan
Jonathan T. Stoel
Jared R. Wessel
Cayla D. Ebert

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.6634
Fax: +1.202.637.5910

*Counsel to PhosAgro PJSC and JSC Apatit*

December 13, 2023

**TABLE OF CONTENTS**

                                                           **Page**

I. COMMERCE'S PROFIT RATIO METHODOLOGY IN ITS MINING RIGHTS BENEFIT CALCULATIONS FOR JSC APATIT CONTINUES TO BE UNLAWFUL AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE ................................................................. 2

II. CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Rhone Poulenc, Inc. v. United States*,
 899 F.2d 1185 (Fed. Cir. 1990) ................................................................................ 2

*The Mosaic Co. v. United States*,
 No. 21-116, slip op. 23-134 (Ct. Int'l Trade Sept. 14, 2023) ............................................ 4

**Administrative Materials**

Memorandum from Erin Begnal to Ronald Lorentzen, *Decision Memorandum for the Post-Preliminary Analysis of Program Which Required More information at the Preliminary Determination: Countervailing Duty Investigation of Certain Cold-Rolled Steel Flat Products from the Russian Federation*, Case No. C-821-823 (Investigation) (July 1, 2016) .................. 5

**DEFENDANT INTERVENORS PHOSAGRO PJSC AND JSC APATIT RESPONSE TO PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S SECOND FINAL RESULTS OF REDETERMINATION <u>PURSUANT TO COURT REMAND</u>**

On October 11, 2023, and in response to this Court's second Remand Order (*The Mosaic Co. v. United States*, No. 21-117, slip op. 23-99 (Ct. Int'l Trade July 11, 2023) ("*Second Remand Order*"), the U.S. Department of Commerce ("Commerce") issued its *Final Results of Redetermination Pursuant to Court Remand* ("*Second Final Redetermination*"). ECF Nos. 128, 129. For the reasons set forth in their November 13, 2023 comments, Defendant-Intervenors PhosAgro PJSC and JSC Apatit (collectively, "JSC Apatit") respectfully request that this Court find Commerce's *Second Final Redetermination* in regards to Commerce's calculation of JSC Apatit's profit ratio to be both contrary to law and unsupported by substantial evidence. ECF Nos. 133, 134 ("JSC Apatit's Comments"). Accordingly, JSC Apatit asks this Court to remand once again to Commerce for further redetermination consistent with the law and the record evidence. <u>1</u>/

On November 13, 2023, Plaintiff The Mosaic Company ("Mosaic") also submitted comments on the *Second Final Redetermination*. ECF Nos. 131, 132 ("Mosaic's Comments"). These comments are meritless, and their (limited) substance has already been addressed in JSC Apatit's Comments. Nonetheless, JSC Apatit summarizes below why Mosaic's Comments should be disregarded by this Court.

---

<u>1</u>/ As discussed in JSC Apatit's Comments, Commerce's continued reliance on JSC Apatit's reported cost of production is supported by substantial evidence and in accordance with law. *See* JSC Apatit's Comments at 13–15, ECF Nos. 133, 134. Mosaic has not further challenged this portion of Commerce's determination in its Comments. Therefore, Commerce's *Second Final Redetermination* should be affirmed in this regard.

I.  **COMMERCE'S PROFIT RATIO METHODOLOGY IN ITS MINING RIGHTS BENEFIT CALCULATIONS FOR JSC APATIT CONTINUES TO BE UNLAWFUL AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

The *Second Remand Order* Court directed Commerce, for a second time, to correct its phosphate rock benefit calculations with respect to JSC Apatit's mining rights. Notwithstanding, Commerce still refuses to abide by this Court's plain instructions. Rather, the *Second Final Redetermination* again ignores this Court's mandate and fails to correct Commerce's material errors. In particular, Commerce has insisted yet again unlawfully to employ JSC Apatit's Profit Before Tax figure in its profit ratio, not the company's Gross Profit figure. This is wrong, contrary to law, and unsupported by substantial evidence.

Both JSC Apatit's Comments on the *First Final Redetermination* (Consol. Pls. Comments on the U.S. Department of Commerce's Final Results of Redetermination Pursuant to Ct. Remand (Feb. 7, 2023), ECF Nos. 101, 102) and JSC Apatit's Comments on the *Second Final Redetermination* demonstrate in detail that JSC Apatit's Gross Profit figure more accurately reflects the commercial reality of a company's pricing process and should be used in Commerce's calculations. As in its *First Final Redetermination*, "Commerce has {still} not adequately supported its decision to use Profit Before Tax when calculating the profit ratio." *Second Remand Order* at 19, ECF No. 124.

Mosaic's Comments cannot and do not fill the gap in Commerce's *Second Final Redetermination*. Commerce's explanation and Mosaic's Comments both fail to provide a meaningful justification for Commerce's profit-calculation methodology, which does not comply with the Court's *Second Remand Order*. Commerce's continued disregard for commercial realities is not supported by substantial evidence and is contrary to its underlying obligation to calculate subsidy margins "as accurately as possible." *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990).

Commerce wrongly posits that the expenses included in JSC Apatit's Gross Profit figure do not solely relate to phosphate rock production costs, and therefore cannot be considered in Commerce's mining rights calculation. *Second Final Redetermination* at 19, ECF Nos. 128, 129. Mosaic echoes Commerce, asserting that PhosAgro failed to provide record evidence demonstrating that the critical financial items encompassed in Gross Profit, including items such as selling expenses, administrative expenses, and other expenses. Mosaic's Comments at 3, ECF Nos. 131, 132. Just like Commerce, however, Mosaic misses the point.

JSC Apatit's pricing and therefore its profit margin are inherently based on the precise items Commerce admits were excluded from its profit ration calculation. Commerce cherry-picked numbers from different levels of PhosAgro PJSC's accounting, thereby ignoring a net amount of more than 50 billion RUB worth of expenses that account for the difference between Gross Profit and Profit Before Tax. *See* Response from Crowell & Moring LLP to the U.S. Department of Commerce, *PhosAgro PJSC Initial Section III CVD Questionnaire Response,* Case No. C-821-825 (Investigation) (Sept. 24, 2020) at Ex. CVD-6 (P.R. 116, C.R 46). If Commerce's profit ratio does not ensure its resultant cost build-up accurately reflects the difference between a sales price and the cost of production base, then Commerce cannot accurately compare JSC Apatit's cost of production with an export sales price benchmark. *See Second Final Redetermination* at 24 (explaining that Commerce employs a profit ratio multiplier in its calculations to adjust the cost of production build-up to account for profit in order for it to be compared to the benchmark export price of phosphate rock), ECF Nos. 128, 129. As such, Commerce's employment of Profit Before Tax, which does not include these necessary items (i.e., more than 50 billion rubles worth of expenses), neither results in an accurate comparison with the

3

export sales price, nor an accurate benefit calculation. Commerce's profit ratio is therefore contrary to law and should not be upheld by this Court.

Commerce's unlawful act is particularly egregious in light of Commerce's decision to employ in its calculation the Profit Before Tax figure from PhosAgro's consolidated financial statements—a figure that includes net financial items not solely related to phosphate ore production. *Second Final Redetermination* at 19, ECF Nos. 128, 129. Such an illogical position, by Commerce, is not supported by substantial evidence and does not provide an "adequate," rational explanation.

Mosaic also contends that Commerce's determination is consistent with *Phosphate Fertilizers from Morocco and Cold-Rolled Steel from Russia*, (Mosaic's Comments at 3), but this Court has already made clear that such blind reliance is not enough. *Second Remand Order*, ECF No. 124. In fact, the CIT recently struck down Commerce's mining rights calculations in the parallel *Phosphate Fertilizers from Morocco* case based on Commerce's construction of a respondent's profit ratio. There, the CIT found that Commerce's failure to include SG&A expenses in in its benefit calculations was unreasonable, and that requiring a company to segregate its SG&A costs for only phosphate rock was nonsensical. *The Mosaic Co. v. United States*, No. 21-116, slip op. 23-134 (Ct. Int'l Trade Sept. 14, 2023). This recent decision confirms that in this context Commerce must consider the realities of commercial operations in its cost build-up and benefit calculations.

Moreover, in its mining rights benefit calculations for respondent Severstal in the original investigation of *Cold-Rolled Steel from Russia*, Commerce notably used the "only profit rate on the record," a proxy profit rate from an Indian coal producer provided by Severstal. Memorandum from Erin Begnal to Ronald Lorentzen, *Decision Memorandum for the Post-Preliminary Analysis*

4

*of Program Which Required More information at the Preliminary Determination: Countervailing Duty Investigation of Certain Cold-Rolled Steel Flat Products from the Russian Federation*, Case No. C-821-823 (Investigation) (July 1, 2016) at 10.  The facts in *Cold-Rolled Steel from Russia* are inapposite to the record evidence presented here—that case is not meaningful precedent.  In sum, Commerce's purported reliance on these cases is misplaced and provides no support for its unlawful decision.

Finally, grasping for straws and in line with Commerce's muddling of the facts, Mosaic argues that use of JSC Apatit's Gross Profit figure results in the double-counting of expenses between, on the one hand, the reported production costs for phosphate rock incurred by JSC Apatit, and, on the other hand, the selling and administrative expenses reported in PhosAgro's consolidated financial statements.  *Second Final Redetermination* at 26, ECF Nos. 128, 129.  This Court should not be so misled—JSC Apatit has fully responded to this unfounded claim in its Comments.  JSC Apatit's Comments at 9–11, ECF Nos. 131, 132.  Specifically, JSC Apatit explained it is normal and appropriate for a company to record the same or similar types of expenses in more than one location in its accounting records.  *See id.*  As such, there is no risk of double-counting if, in accurately reflecting the commercial reality of JSC Apatit's pricing process, Commerce reasonably and lawfully employs its Gross Profit figure.

In conclusion, the *Second Final Redetermination* does not result in the most accurate calculation of JSC Apatit's CVD rate, as required by U.S. law, and Commerce's profit ratio methodology is not supported by substantial evidence.  Accordingly, the *Second Final Redetermination* must again be remanded to Commerce to fix its error.

## II. CONCLUSION

For the reasons provided above and those set forth in JSC Apatit's Comments, Commerce's *Second Final Redetermination* is contrary to law and unsupported by substantial evidence with regard Commerce's calculation of JSC Apatit's profit ratio. This Court should again remand to Commerce to revise its *Second Final Redetermination* for a profit ratio calculation, through the employ of JSC Apatit's Gross Profit figure, that is supported by substantial evidence and more accurately reflects JSC Apatit's cost of production.

Respectfully submitted,

/s/ Jonathan T. Stoel
H. Deen Kaplan
Jonathan T. Stoel
Jared R. Wessel
Cayla D. Ebert

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.6634
Fax: +1.202.637.5910
E-mail: jonathan.stoel@hoganlovells.com

*Counsel to JSC Apatit and PhosAgro PJSC*

Dated: December 13, 2023